UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| C.C., a Minor, by THERESA CHAMBERS, her Mother and Duly Appointed Next Friend, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:05CV1070 JCH |
| UNION PACIFIC RAILROAD COMPANY, C.M. DeCOURLEY, JERRY DAVIDSON, and NAGEL CHAMPLIN, | ) ) ) ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant C.M. DeCourley's Motion to Dismiss for Fraudulent Joinder, filed July 8, 2005. (Doc. No. 4). The matter is fully briefed and ready for disposition.

**BACKGROUND**

In or around June, 2005, Plaintiff filed her Petition against Defendants Union Pacific Railroad Company ("Union Pacific"), C.M. DeCourley ("DeCourley"), Jerry Davidson ("Davidson"), and Nagel Champlin ("Champlin"), in the Circuit Court of the City of St. Louis, Missouri. (Plaintiff's Petition (hereinafter "Complaint"), attached to Defendant's Notice of Removal). In her Complaint, Plaintiff alleges that on June 11, 2004, Plaintiff was struck by a Union Pacific train being operated by Defendants Nagel Champlin and Jerry Davidson. (Compl., ¶ 15). Plaintiff continues to assert claims of negligence and recklessness against all Defendants. (Id., ¶¶ 19-21).

Defendants Union Pacific and DeCourley removed the action to this Court on July 8, 2005,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

despite the lack of complete diversity on the face of the Complaint.[1] In its Notice of Removal, Defendants assert that diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a)(1), as the in-state Defendant, DeCourley, was fraudulently joined as a Defendant to this action. (Defendants' Notice of Removal, ¶ 5).

## DISCUSSION

As stated above, Defendant removed this action pursuant to 28 U.S.C. § 1332(a)(1), which provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[2], exclusive of interest and costs, and is between --

(1) citizens of different States;...

Id. At present, this action lacks the requisite diversity, as both Plaintiff and Defendant DeCourley are residents of Missouri. In their Notice of Removal, Defendants Union Pacific and DeCourley maintain that diversity jurisdiction nevertheless exists in this matter because Defendant DeCourley, the only non-diverse Defendant, was fraudulently joined. (Defendants' Notice of Removal, ¶¶ 5-8).

This Court has held that "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Further "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the

---

[1] The citizenship of the parties is as follows: Plaintiff is a citizen and resident of the state of Missouri; Defendant DeCourley is a citizen and resident of the state of Missouri; Defendants Davidson and Champlin are citizens and residents of the state of Arkansas; and Defendant Union Pacific is a Delaware corporation, with its principal place of business in Nebraska. (Compl., ¶¶ 2-6; Defendants' Notice of Removal, ¶ 3).

[2] In the instant case, there is no dispute that the amount in controversy exceeds $75,000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

plaintiff has no real intention of prosecuting the action against the resident defendant." Wiles v. Capitol Indemnity Corp., 75 F.Supp.2d 1003, 1005 (E.D. Mo. 1999), citing Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995) (citations omitted). The burden of proof on the issue of fraudulent joinder rests with the removing party. Parnas, 879 F.Supp. at 92-93 (citations omitted); see also Pender v. Bell Asbestos Mines, Ltd., 145 F.Supp.2d 1107, 1111 (E.D. Mo. 2001).

In a recent case, the Eighth Circuit enunciated the standards to apply in considering a claim of fraudulent joinder, as follows:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."....However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted).

In her Complaint, Plaintiff makes several allegations against Defendant DeCourley, including the following:

> 4. That defendant DeCourley is an individual and citizen and resident of the State of Missouri, and at all times herein was a supervisor with supervisory responsibilities employed by defendant Union Pacific, with supervisory responsibility over employees at the Union Pacific Rail Lot located in Poplar Bluff, Missouri, including but not limited to defendants Champlin and Davidson....
>
> 7. At all times mentioned herein, defendants, and each of them, owned, leased, operated, possessed, maintained, and/or controlled property known and described as the Union Pacific Rail Lot with tracks running at or near Ditch Road in Poplar Bluff, Butler County, Missouri....
>
> 9. On and prior to June 11, 2004, citizens and members of the general public, and more particularly, plaintiff C.C., were present on, and traveled over and upon, and used as a thoroughfare, the property known and described as the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> Union Pacific Rail Lot with tracks running at or near Ditch Road in Poplar Bluff, Missouri, with the actual knowledge, consent, and invitation of the defendants, and each of them....
>
> 19. At the time plaintiff C.C. was struck by the defendant Union Pacific train, defendants, and each of them, were negligent and careless in the operation of their railroad and trains, and in the operation, maintenance and control of their aforedescribed property, and in the training, supervision, and oversight of their employees and/or subordinates.
>
> 20. At and before the time plaintiff C.C. was struck by the defendant Union Pacific train, defendant C.M. DeCourley was negligent and careless in the control of the aforedescribed property, and in the training, supervision, and oversight of Union Pacific employees and/or subordinates as pertains to the matters set out hereinabove.

(Compl., ¶¶ 4, 7, 9, 19, 20). Based on the foregoing, Plaintiff attempts to assert claims of negligence and recklessness against Defendant DeCourley.

In their Notice of Removal, Defendants Union Pacific and DeCourley maintain DeCourley was fraudulently joined as a Defendant to this action, for the following reasons:

> Specifically, Connie DeCourley was on vacation at the time of the accident alleged in Plaintiffs' Petition. Furthermore, Connie DeCourley's territory does not include the Poplar Bluff main line, the location of the accident alleged in Plaintiffs' Petition. Accordingly, Connie DeCourley had no control over the property on which the accident occurred. Jerry Davidson, the conductor involved in the accident alleged in Plaintiffs' Petition, was not assigned to Connie DeCourley, and DeCourley had no supervisory responsibility over Davidson. Similarly, Nagel Champlin, the engineer involved in the accident alleged in Plaintiffs' Petition, was not assigned to DeCourley, and DeCourley had no supervisory responsibility over Champlin. Finally, in the course of DeCourley's employment with Union Pacific, DeCourley has never trained either Jerry Davidson or Nagel Champlin.

(Defendants' Notice of Removal, ¶ 7). In support of their position, Defendants Union Pacific and DeCourley attach an affidavit from DeCourley, attesting to the above assertions. (Defendants' Notice of Removal, attached Exh. B).

Upon consideration, the Court finds it inappropriate to determine the issue of fraudulent joinder based on the submitted substantive evidence. <u>Heimann v. Burlington Northern Santa Fe</u>

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Railway Co., 2005 WL 1474142 at * 2 (E.D. Mo. June 14, 2005).

> Consideration of such evidence would be appropriate if the Court were determining whether [Defendant DeCourley] is entitled to judgment as a matter of law. However, in determining fraudulent joinder on a [motion to dismiss for fraudulent joinder], the Court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. Where state law might impose liability on the resident defendant *under the facts alleged*....there is no fraudulent joinder.

Heimann, 2005 WL 1474142 at * 2 (internal quotations, citations and footnote omitted); see also Reeb, 902 F.Supp. at 188 (citation omitted) (holding that "in those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims").

In the instant case, Plaintiff alleges negligence on the part of Defendant DeCourley for, among other things, failing properly to control the property where the accident occurred, and failing properly to train, supervise, and oversee the Union Pacific employees involved in the accident at issue. (Compl., ¶¶ 4, 20). The Court finds such claims would be permitted under Missouri law. Thus, on the facts as alleged by Plaintiff in her Complaint, Missouri law *might* impose liability against Defendant DeCourley, and so Defendants' claim of fraudulent joinder must fail. Heimann, 2005 WL 1474142 at * 2, citing Filla, 336 F.3d at 810.[3]

## CONCLUSION

Accordingly,

---

[3] Based on the foregoing, the Court finds Defendants' removal pursuant to 28 U.S.C. § 1441 was improper, as this Court lacks original jurisdiction over this action. Therefore, because subject matter jurisdiction is lacking, the Court will *sua sponte* remand this case to the Circuit Court for the City of St. Louis, Missouri. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); see also Atlas Van Lines, Inc. v. Poplar Bluff Transfer Co., 209 F.3d 1064, 1066-67 (8th Cir. 2000).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that Defendant DeCourley's Motion to Dismiss for Fraudulent Joinder (Doc. No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Defendant Union Pacific's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 7) is **DENIED** without prejudice.

Dated this 28th day of September, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com